**EARP COHN P.C.**
20 Brace Road, 4th Floor
Cherry Hill, NJ 08034
(856) 354-7700
(856) 385-7060 direct fax

BY:    EDWARD F. BORDEN, JR.

Attorneys for Defendants Hutchinson Plumbing, Heating and Cooling Co, Michael Shiles, and
Dominic Carr

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| STEVEN LAVERTY and LYNN LAVERTY,<br><br>                     Plaintiffs,<br><br>            v.<br><br>HUTCHINSON PLUMBING HEATING & COOLING CO.; MICHAEL SCHILES; DOMINICK CARR; JOHN/JANE DOES, 1-20 (fictitious names); and ABC CORPS, 1-20 (fictitious names),<br><br>                     Defendant. | : CIVIL ACTION NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**NOTICE OF REMOVAL**

**TO:**    Clerk of Court
        United States District Court for the District of New Jersey
        One John F. Gerry Plaza
        Camden, NJ  08103

   **PLEASE TAKE NOTICE** that defendants Hutchinson Plumbing, Heating and Cooling

Co., Michael Shiles (misspelled as "Schiles" in plaintiffs' complaint) and Dominic (misspelled

as "Dominick") Carr (together, "Defendants") file this Notice of Removal, pursuant to 28 U.S.C.

§§1441(a),(c) and 1446 (a), from the Superior Court of the State of New Jersey, Camden County,

Law Division, in which it is now pending, to the United States District Court for the District of

1

New Jersey.

1.     The Complaint was filed by plaintiffs in the Superior Court, Law Division, Camden County, on or about February 24, 2014 at Docket No. L-705-14.

2.     Although the Summons and Complaint were never formally served upon any of the defendants, counsel for Defendants accepted service of the complaint on March 4, 2014. A true copy of the Acknowledgment of Service is attached hereto as Exhibit "A."

3.     A true copy of the Complaint as received by Defendants is attached hereto as Exhibit "B."

4.     Plaintiffs bring this action alleging in part a violation of their rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601 et seq., and regulations promulgated thereunder.

5.     Because plaintiffs' claims include claims under the FMLA, original jurisdiction exists in the United States District Court for the District of New Jersey pursuant to 29 U.S.C. §2617 and 28 U.S.C. §1331.  This action is removable pursuant to 28 U.S.C. §1441(a) which permits removal "any civil action brought in a State court of which the district courts of the United States have original jurisdiction..."

5.     All named defendants consent to the removal of this action from the Superior Court of New Jersey to the United States District Court for the District of New Jersey and join in this request.

6.     This notice is filed within 30 days after receipt by Defendants, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," as provided by 28 U.S.C. §1446(b).

**WHEREFORE**, pursuant to 28 U.S.C. §1441 et. seq., defendants Hutchinson Plumbing, Heating and Cooling Co, Michael Shiles, and Dominic Carr request that further proceedings in the Superior Court of New Jersey, Law Division, Camden County be discontinued, and remove this suit to the United States District Court for the District of New Jersey.  Defendants, upon the

2

filing of this Notice of Removal, will also be filing copies of this Notice with the Clerk of the

Superior Court, Law Division, Camden County, to effect removal of this action in the United

States District Court pursuant to 28 U.S.C. §1446(d).

Dated: March 27, 2014

EDWARD F. BORDEN, JR.
**EARP COHN P.C.**
20 Brace Road - 4th Floor
Cherry Hill, NJ  08034
(856) 354-7700
(856) 385-7060 (Facsimile)

Attorneys for Defendants Hutchinson Plumbing,
Heating and Cooling Co, Michael Shiles, and
Dominic Carr

3

# EXHIBIT A

**EARP COHN P.C.**
20 Brace Road, 4th Floor
Cherry Hill, NJ 08034
(856) 354-7700
(856) 385-7060 Facsimile

By:    Edward F. Borden, Jr. (I.D. No. 010821978)

Attorneys for Defendants Hutchinson Plumbing Heating & Cooling Co., Michael Schiles and
Dominic Carr

| | |
|---|---|
| STEVEN LAVERTY and LYNN LAVERTY, | SUPERIOR COURT OF NEW JERSEY CAMDEN COUNTY |
| Plaintiffs, | LAW DIVISION |
| v. | DOCKET NO. L-705-14 |
| HUTCHINSON PLUMBING HEATING & COOLING CO.; MICHAEL SCHILES; DOMINICK CARR; JOHN/JANE DOES, 1-20 (fictitious names); and ABC CORPS, 1-20 (fictitious names), | CIVIL ACTION **ACKNOWLEDGMENT OF SERVICE** |
| Defendant. | |

Defendants Hutchinson Plumbing Heating & Cooling Co., Michael Schiles and Dominic

Carr acknowledge proper service of the Summons and Complaint in this matter on this

4th day of March, 2014.

Edward F. Borden, Jr.
**EARP COHN P.C.**
20 Brace Road, 4th Floor
Cherry Hill, NJ 08034
(856) 354-7700
(856) 385-7060 Facsimile

Attorneys for Defendants Hutchinson
Plumbing Heating & Cooling Co.,
Michael Schiles and Dominic Carr

# EXHIBIT B

**Appendix XII-B1**

| | | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
| | CIVIL CASE INFORMATION STATEMENT (CIS) | PAYMENT TYPE: ☐CK ☐CG ☐CA |
| | Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | CHG/CK NO. |
| | | AMOUNT: |
| | | OVERPAYMENT: |
| | | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME Joseph Ives Picillo, Esq. | TELEPHONE NUMBER (856) 227-0060 | COUNTY OF VENUE Camden |
|---|---|---|
| FIRM NAME (if applicable) The Picillo Law Firm, LLC | | DOCKET NUMBER (when available) *L-705-14* |
| OFFICE ADDRESS 112 Johnson Road Turnersville, NJ 08012 | | DOCUMENT TYPE Complaint and Jury Demand |
| | | JURY DEMAND  ☒ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) Steven Laverty and Lynn Laverty, Plaintiffs | CAPTION Laverty v Hutchinson Plumbing Heating and Cooling Co., et als |
|---|---|

| CASE TYPE NUMBER (See reverse side for listing) 618 | HURRICANE SANDY RELATED? ☐ YES  ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING? ☐ YES  ☒ NO | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES  ☒ NO | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)  ☐ NONE  ☒ UNKNOWN |

| **THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.** |
|---|

| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION |
|---|

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ YES  ☐ NO | IF YES, IS THAT RELATIONSHIP: ☒ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain) ☐ FAMILIAL   ☐ BUSINESS |
|---|---|
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☒ YES  ☐ NO |

| USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION |
|---|

| ☐ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES  ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED? ☐ YES  ☒ NO | IF YES, FOR WHAT LANGUAGE? |

| I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b). |
|---|
| ATTORNEY SIGNATURE: |

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II -  300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III -  450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV -  Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 288 | PRUDENTIAL TORT LITIGATION |
| 271 | ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 284 | NUVARING | 296 | STRYKER REJUVENATE/ABG II MODULAR  HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 601 | ASBESTOS |
| 287 | YAZ/YASMIN/OCELLA | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**

COPY

THE PICILLO LAW FIRM, LLC
112 Johnson Road
Turnersville, New Jersey 08012
(856) 227-0060
*Attorneys for Plaintiffs*
*Steven Laverty and Lynn Laverty*

By:    Joseph Ives Picillo, Esq.
       0001121984

| | |
|---|---|
| STEVEN LAVERTY and<br>LYNN LAVERTY, his wife,<br><br>                Plaintiff(s),<br>   v.<br><br>HUTCHINSON PLUMBING HEATING &<br>COOLING CO.; MICHAEL SCHILES;<br>DOMINICK CARR; JOHN/JANE DOES,<br>1-20 (fictitious names); and ABC CORPS,<br>1-20, (fictitious names),<br><br>           Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION –CAMDEN COUNTY<br>Docket No.: *L - 705-14*<br><br>Civil Action<br><br>COMPLAINT AND JURY DEMAND |

## VERIFIED COMPLAINT

### I. INTRODUCTION

Plaintiff, Steven Laverty, brings this action against his former employer, Hutchinson

Plumbing Heating & Cooling Co., ("Hutchinson"), as well as Michael Schiles, ("Schiles"), a

member of Hutchinson's management, and Dominick Carr, ("Carr"), plaintiff's supervisor

(collectively "Defendants"). While employed by Hutchinson, Plaintiff was discriminated against

in retaliation for requesting a Family Medical Leave Act Form and advising the defendants that

he needed and intended to take time off from his job under the Family and Medical Leave Act,

("FMLA"), 29 U.S.C. 2601, *et seq.,* in violation of the FMLA, and/or the regulations thereunder,

29 CFR Part 825, and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1,

*et seq.* ("NJLAD"), and was discriminated and/or retaliated against on the basis of his age in violation of the NJLAD.

Plaintiff seeks economic, compensatory, liquidated, and punitive damages, and attorney fees, interest and costs and any other available statutory relief under state law.

## II. PARTIES

1.    Plaintiff, Steven Laverty, is an individual and citizen of the State of New Jersey and currently resides at 22 Windemere Drive, Sicklerville, New Jersey 08081.

2.    Plaintiff is a male with a date of birth of March 5, 1962 and was over 46 years of age at the time of the adverse employment actions, including his unlawful termination by Defendant.

3.    Lynn Laverty is Steven Laverty's wife and resides with him and that was the case prior to and at all times relevant hereto.

4.    Defendant, Hutchinson is a private entity formed and doing business in the State of New Jersey, with offices located at, 621 Chapel Avenue, Cherry Hill, New Jersey 08034.

5.    At all times material hereto, Hutchinson employed more than twenty (20) people.

6.    At all times material hereto, Hutchinson employed more than fifty (50) people within a seventy five (75) mile radius of Plaintiff's workplace.

7.    At all times material hereto, Hutchinson acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Hutchinson's business.

8.    At all times material hereto, Hutchinson acted as an employer within the meanings of the statutes which form the basis of this matter.

9.    At all times material hereto, Plaintiff was an employee of Hutchinson within the meanings of the statutes which form the basis of this matter.

10.     At all times material hereto, Schiles and Carr acted as management of Hutchinson and on behalf of Hutchinson within the meanings of the statutes and regulations which form the basis of this matter.

## III. JURISDICTION AND VENUE

11.     The causes of action which form the basis of this matter arise under the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. 2601, *et seq.*, and the regulations established thereunder, 29 CFR Part 825

## IV. FACTUAL ALLEGATIONS

12.     Plaintiff was hired by Defendant in 2009.

13.     Plaintiff was continuously employed by Defendant in the position of Plumbing Service Tech for four (4) years and one (1) day, until Defendant abruptly terminated his employment on or about July 8, 2013.

14.     At all times, Plaintiff was qualified for his position and performed his duties for Defendant in a competent manner.

15.     Plaintiff was born on March 5, 1962, and was over forty-six (46) years old at the time of his termination.

16.     At all relevant times, Plaintiff reported to Defendants Schiles and/or Carr, who held supervisory management positions with supervision over the plaintiff.

17.     Prior to his termination, Plaintiff advised Schiles and/or Carr in their managerial capacities with Hutchinson, that he a FMLA form to complete as he needed to take time  for medical leave due to a personal medical condition.

18.     After Plaintiff requested a FMLA form, Defendants began to treat plaintiff differently and terminated his employment less than a week after plaintiff's request.

19.    Not long before plaintiff's employment was terminated by the defendants, the defendants had also terminated another employee over the age of 46.

20.    At or around the time plaintiff and the other employee were terminated from their jobs by defendants, the defendants hired younger, less experienced men under the age of 46 in the same positions held by the plaintiff and the other older employee.

21.    Plaintiff had requested a FMLA form to take medical leave on or about July 5, 2013.

22.    Defendants thereafter called Plaintiff and asked Plaintiff to come to the office on July 8, 2013, at which time they demanded that Plaintiff disclose his medical condition to them, also in violation of the laws of the State of New Jersey and the FMLA.

23.    Under duress and without the aid of legal advice or counsel, Plaintiff felt coerced to discuss his condition with the defendants.

24.    After coercing plaintiff to disclose his medical condition, the defendants advised plaintiff that "we can't have you on the road like this," and rather than provide plaintiff with the requested FMLA form, the defendants terminated plaintiff's employment.

25.    Throughout his employment, Plaintiff could perform the essential functions of his job with or without a reasonable accommodation.

26.    Plaintiff was discriminated against because of his age and/or his disability.

27.    Plaintiff was discriminated against in retaliation for requesting a FMLA form so that he could take a medical leave to gain control of his condition and protect his job status while on leave.

28.    Plaintiff was retaliated against and terminated from his employment in retaliation of his attempt to exercise of his right under the FMLA to take medical leave of absence while protecting his job.

29.     Defendant's discriminatory conduct was objectionable and offensive to Plaintiff and was such that it would have been objectionable and offensive to a reasonable person in the same position as Plaintiff.

30.     Defendant has failed to provide a legitimate reason for plaintiff's abrupt termination of employment.

31.     Plaintiff's age and/or disability were a motivating and determinative factor in connection with Defendant's unlawful treatment of Plaintiff, including the termination of his employment.

32.     Plaintiff's exercise of his right to take medical leave under FMLA was a motivating and/or determinative factor in connection with Defendant's termination of his employment.

33.     As a direct and proximate result of the discriminatory and/or retaliatory and/or otherwise illegal conduct of Defendants, Plaintiff has in the past incurred, continues to incur, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

34.     The conduct of Defendant, as set forth above, was willful and outrageous under the circumstances and warrants the imposition of punitive damages against Defendants.

## V. LAW

## COUNT I

### New Jersey Law Against Discrimination (NJLAD)

35.     Plaintiff incorporates herein by reference paragraphs 1 through 34 above, as though set forth in their entirety.

36.     By committing the foregoing acts against Plaintiff, Defendants have violated the NJLAD.

37.     There was participation by upper management in connection with the discrimination and retaliation to which Plaintiff was subjected.

38.     Said violations were intentional and willful and warrant the imposition of punitive damages under the NJLAD.

39.     As a direct and proximate result of Defendant's violations of the NJLAD, Plaintiff has sustained the injuries, damages and losses set forth herein, and have incurred attorney fees and costs.

40.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory, retaliatory and otherwise unlawful acts unless and until the Court grants the relief requested herein.

## COUNT II

### Family and Medical Leave Act (FMLA)

41.     The plaintiffs hereby repeat each and every allegation contained in paragraphs 1 through 40 as if herein set forth at length.

42.     By committing the foregoing acts the defendants have violated the FMLA and/or the regulations established thereunder.

43.     There was participation by upper management in connection with the discrimination, retaliation and otherwise unlawful acts to which Plaintiff was subjected.

44.     Said violations were intentional and willful and warrant the imposition of punitive damages.

45.     As a direct and proximate result of Defendants' violations of the FMLA, the rules and regulations established thereunder and the otherwise unlawful acts of the defendants, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorney fees and costs.

46.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' violations of the FMLA, the rules and regulations established thereunder and the otherwise unlawful acts of the Defendants unless and until the Court grants the relief requested herein.

**COUNT III**

**Loss of Services**

47.     The plaintiffs hereby repeat each and every allegation contained in paragraphs 1 through 46 as if herein set forth at length.

48.     At all times relevant hereto, Plaintiff Lynn Laverty was and is the wife of Plaintiff Steven Laverty.

49.     As a result of the aforesaid injuries and damages sustained by her husband, Plaintiff Lynn Laverty has lost the security, services and companionship of her husband and will in the future continue to lose his security, services and companionship, all to her detriment as well as to their mutual detriment.

**RELIEF**

**WHEREFORE**, Plaintiffs, Steven Laverty and Lynn Laverty, respectfully request that this Court enter judgment in favor of the Plaintiffs and against the Defendants:

a.     declaring the acts and practices complained of herein to be in violation of NJLAD;

b.     declaring the acts and practices complained of herein to be in violation of the FMLA and/or the regulations established thereunder;

c.     enjoining and restraining permanently the violations alleged herein;

d.     awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue

to suffer as a result of Defendants' discriminatory, retaliatory and otherwise unlawful misconduct;

e.       awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering;

f.       awarding liquidated damages to Plaintiff;

g.       awarding Plaintiff costs of this action, together with reasonable attorney's fees;

h.       awarding punitive damages to Plaintiff;

i.       awarding Plaintiff such other damages as are appropriate under the NJLAD and FMLA;

j.       awarding to the plaintiffs, and particularly to plaintiff, Lynn Laverty, damages relating to loss of security, services and companionship, and;

k.       granting such other and further relief as this Court deems appropriate.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the Court is advised that Joseph Ives Picillo, Esq., is hereby designated as trial counsel.

THE PICILLO LAW FIRM, LLC
Attorneys for Plaintiffs
Steven Laverty and Lynn Laverty

By: _____
Joseph Ives Picillo, Esq.

Dated: 2/21/14

Page 8 of 9

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues.

## CERTIFICATION OF COUNSEL

Pursuant to Rule 4:5-1 the undersigned hereby states that at the time of filing this Complaint, the matter in controversy is not the subject of any other action pending in any other Court and/or Arbitration proceeding. Further, I hereby certify that no other action or arbitration process is contemplated. I further certify that it is not contemplated that any party should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

THE PICILLO LAW FIRM, LLC
Attorneys for Plaintiffs
Steven Laverty and Lynn Laverty

By: _____

Joseph Ives Picillo, Esq.

Dated: 2/31/14

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Steven Laverty and Lynn Laverty

**DEFENDANTS**

Hutchinson Plumbing Heating & Cooling Co.; Michael Shiles; Dominic Carr; John/Jane Does, 1-20 (fictitious names) and ▪

**(b)** County of Residence of First Listed Plaintiff   Camden

County of Residence of First Listed Defendant   Camden

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Joseph I. Picillo, Esquire
THE PICILLO LAW FIRM
112 Johnson Road
Turnersville, NJ 08012
856-227-0066

Attorneys (If Known)

Edward F. Borden, Jr., Esquire
Earp Cohn P.C.

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question (U.S. Government Not a Party)

☐ 2   U.S. Government Defendant

☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC 2617 (FMLA)

Brief description of cause:
Claim of discharge in violation of FMLA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE                          DOCKET NUMBER

Explanation:

DATE   3/07/14

SIGNATURE OF ATTORNEY OF RECORD

03/27/2014

JS 44 Reverse  (Rev. 12/07, NJ 1/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:          U.S. Civil Statute: 47 USC 553
                                                Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**EARP COHN P.C.**
20 Brace Road, 4th Floor
Cherry Hill, NJ 08034
(856) 354-7700
(856) 385-7060 direct fax

BY:    EDWARD F. BORDEN, JR.

Attorneys for Defendants Hutchinson Plumbing, Heating and Cooling Co, Michael Shiles, and
Dominic Carr

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEVEN LAVERTY and LYNN LAVERTY, | : |
| | : CIVIL ACTION NO. |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| HUTCHINSON PLUMBING HEATING & COOLING CO.; MICHAEL SCHILES; DOMINICK CARR; JOHN/JANE DOES, 1-20 (fictitious names); and ABC CORPS, 1-20 (fictitious names), | : |
| | : |
| Defendant. | : |
| | : |

### CERTIFICATE OF SERVICE

I, Edward F. Borden, Jr., Esquire, attorney for Defendants Hutchinson Plumbing, Heating
and Cooling Co, Michael Shiles, and Dominic Carr, with regard to the above-captioned matter
hereby certify that the foregoing Notice of Removal is timely filed via electronic case filing with the
Court, and that a copy of same was served upon the following via U.S. Mail, as follows:

Joseph I. Picillo, Esquire
THE PICILLO LAW FIRM
112 Johnson Road
Turnersville, NJ 08012

1

Clerk,
Civil Processing Unit
Superior Court of New Jersey
Camden County
101 South Fifth Street, Suite 110
Camden, NJ 08103

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 27, 2014

EDWARD F. BORDEN, JR.
**EARP COHN P.C.**
20 Brace Road - 4th Floor
Cherry Hill, NJ  08034
(856) 354-7700
(856) 385-7060 (Facsimile)

Attorneys for Defendants Hutchinson Plumbing,
Heating and Cooling Co, Michael Shiles, and
Dominic Carr

2